UNITED STATES TRUST CO. v. WESTERN CONTRACT CO. ECHOLS et al. v. CENTRAL TRUST CO. WESTERN CONTRACT CO. v. ECHOLS et al. BROWN et al. v. WESTERN CONTRACT CO.

(Circuit Court of Appeals, Sixth Circuit. July 6, 1897.)

Nos. 445–448.

On Petition for Rehearing. The opinion on the original hearing is reported in 81 Fed. 454.

Chas. S. Grubbs and Helm Bruce, for Echols and others.
W. O. Harris, for Trust Co.
Alex. P. Humphrey, for Western Contract Co.

Reargued before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge. A petition for rehearing and modification of the judgment of the court herein has been filed. The mandate has

gone down because the judgment of the court was entered more than 30 days before the filing of the petition.    Counsel ask to have the mandate recalled, because the printed opinion, upon which the petition for rehearing is based, was not filed until 29 days after the judgment of the court was entered.    We think that the petitioner's counsel would have been in a better position had they applied to the court for an extension of the time within which to file a petition for rehearing before the 30 days after the entry of the judgment had expired.    But we recognize the difficulty counsel may have in determining whether a petition for rehearing is to be filed before the printed opinion of the court has been examined, and we have to-day changed the rule for filing petitions for rehearing so as to make the period within which they must be filed 30 days after the deposit of the printed opinion in the clerk's office.    As we have concluded that the judgment in the cases under consideration should be modified somewhat, we are not disposed to enforce the rule strictly against the petitioner, and will order the mandate recalled for the purpose of making such modification.

The first ground of the petition for rehearing is that the court, under its own reasoning, should have allowed the Western Contract Company to set off against the claim of the receiver of the Chesapeake & Ohio Southwestern Railway Company at least the amount of interest which was due under its guaranty from the railway company and was unpaid before the contract company took back the majority of stock in the Ohio Valley Railway Company.    The petition for rehearing states its ground as follows:

"The court seems to hold that the Western Contract Company would be entitled to its set-off if it were not for the fact that by taking back the stock it has relieved the Chesapeake Company of its guaranty.    The court seems to hold that the contract company gave the Chesapeake Company control of the Valley road in consideration that the Chesapeake Company would guaranty the Valley bonds, of which the contract company was a large holder; that the reciprocal benefits to the parties were concurrent,—control of the road on the one side, receipt of interest on the other.    Assuming this to be true, the court has failed to observe the fact that the Chesapeake Company did not pay the interest which fell due on the Valley bonds January 1, 1894, although it had control of the road during the six months represented by the interest which then matured.    It seems to us, therefore, that to the extent of the interest which was due January 1, 1894, we are entitled to have our offset allowed."

Counsel for the petition have misapplied the reasoning of the court.    The court did and does hold that the real consideration of the contract to part with a majority of stock of the Valley road by the Western Contract Company was the agreement on the part of the Chesapeake & Ohio Southwestern Company to guaranty the bonds of the Valley Company, and that the other provisions of the contract with reference to the deposit of bonds to pay off the liabilities of the Valley Company were only preliminaries which were to be regarded as executed before the execution of the contract in its main features began.    Now, the Western Contract Company might have relied simply upon a suit to recover damages against the Chesapeake & Ohio Southwestern Railway Company for failure to fulfill its guaranty, but the contract company did not do so.    It stipulated in the contract that it might have the right to take back the majority of

82 F.—18

stock in the Valley Company, which was the main consideration for the guaranty. The court was and is of opinion that, as between the parties, this stipulation was, in effect, for a rescission of the contract, and that, like any rescission, it was a remedy inconsistent with a remedy by way of damages for a breach of the contract. The court therefore held, and still holds, that by taking back a majority of the stock, the contract company parted with all the right to hold the Chesapeake & Ohio Southwestern Railway Company for a breach of any part of its contract of guaranty, whether that breach occurred before or after the voluntary rescission of the contract by the Western Contract Company. The first point of the petition for rehearing is therefore overruled.

The second objection to the judgment of the court stated in the petition for rehearing is that it was erroneous in holding that the claim of the United States Trust Company in the right of the Newport News Company to share in the security of the bonds deposited by the Western Contract Company was in fact a claim of the Chesapeake & Ohio Southwestern Railway Company, of which the Newport News Company was nothing but an assignee, and that as such assignee the Newport News Company, or its assignee, the United States Trust Company, was entitled to the benefit of the security which the Chesapeake & Ohio Southwestern Company, as the payor of the car-trust obligations, would be entitled to under its contract with the Western Contract Company. It is objected that the United States Trust Company did not make any averments in its intervening petition justifying the inference that it contended that the Newport News Company was the assignee of the Chesapeake & Ohio Southwestern in respect of the claim which it was asking to have paid in its intervening petition. The petitioner states, moreover, that such is not the fact, and intimates that, if the issue had been made by the United States Trust Company by a proper averment, it would have been met by a denial, and the proof would not have supported the averment. We are still of opinion that the facts of the record justify the inference which we drew. It is true, however, that the averment in the intervening petition of the United States Trust Company is not specific upon the point now mooted. To avoid any injustice in the cause, we have concluded not to make our judgment final in the matter. The judgment of the court heretofore rendered will be modified so as to remand to the lower court for the hearing of the issue whether the Newport News & Mississippi Valley Company was in fact the assignee of the Chesapeake & Ohio Southwestern Company in respect of the claim arising from the payment by the Newport News Company of car-trust obligations of the Ohio Valley Railroad Company, with leave to the United States Trust Company to amend its pleading so as to make this averment specific, and to the contract company to deny the same, and with leave to both to adduce evidence upon the issue thus joined. In the original judgment of this court we taxed one-half of the costs of the appeal against the receiver of the Chesapeake & Ohio Southwestern Railway Company, and one-half against the contract company and S. S. Brown. The counsel for the petitioner suggest that, if the court will examine

the record, it will find that at least nine-tenths thereof relates solely to the claim made by the receiver of the Chesapeake Company to the preference for material and supplies furnished, which claim was defeated in the court below and also in this court, and with which claim the Western Contract Company and Brown had nothing to do, and that the issue of the Western Contract Company and the others growing out of the bonds could have been presented in a very short record, which would have been very inexpensive both to copy and to print. We have examined the record in the light of this suggestion, and are convinced that there is some ground for the objection made to the judgment already entered. We shall therefore alter that judgment, and assess only one-fourth of the costs against the Western Contract Company and S. S. Brown, and three-fourths thereof against the receiver of the Chesapeake & Ohio Southwestern Railway Company. The judgment of the court already made is modified in accordance with this opinion, and the cause is remanded to the circuit court for other proceedings not inconsistent with the original opinion as modified herein.